UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELODIE PARONI, *Individually and on Behalf of the Estate of Eugene Paroni*<br><br>               Plaintiff,<br><br>    -v-<br><br>GENERAL ELECTRIC UK HOLDINGS LTD.,<br><br>               Defendant. | 19 Civ. 1034 (PAE)<br><br><u>OPINION & ORDER</u> |

PAUL A. ENGELMAYER, District Judge:

Eugene Paroni ("Eugene"), the late spouse of plaintiff Elodie Paroni ("Elodie"), was diagnosed with, and died of, mesothelioma. Elodie alleges that Eugene's exposure to asbestos during his work on a wind turbine manufactured by Ruston Gas Turbines, Ltd. ("Ruston") caused his mesothelioma. She brought claims for negligence, wrongful death, strict products liability, and loss of consortium. Elodie first brought suit against Alstom SA, which she alleged was a successor in interest to Ruston. However, during jurisdictional discovery, the parties discovered that General Electric UK Holdings Ltd. ("GEUKH") was the correct entity and substituted GEUKH for Alstom SA. With leave of Court, Elodie filed a Third Amended Complaint ("TAC") substituting GEUKH for Alstom SA.

On August, 9, 2021, after jurisdictional discovery, the Court granted GEUKH's motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2). However, the Court stated that it would entertain a motion from Elodie to transfer the case to California to cure the defect in personal jurisdiction. Before the Court is Elodie's motion to transfer to the Northern District of California pursuant to 28 U.S.C. § 1406(a). For the following reasons, the Court grants that motion.

1

## I.     Procedural History

The Court set out the history of this litigation in detail in its August 9, 2021 Opinion &

Order granting the motion to dismiss. *See* Dkt. 74.  The Court therefore reviews here only the

history necessary to give context to the present motion.

On August 30, 2021, Elodie filed a motion to transfer the case to the Northern District of

California, the declaration of Angela J. Nehmens, in support, and exhibits.  Dkt. 77.  On August

31, 2021, the Court ordered that any opposition to the motion would be due by September 27.

2021.  Dkt. 78.  The Court did not receive an opposition.

## II.     Discussion

### A.     Legal Standards

Elodie moves to transfer the case under 28 U.S.C. § 1406(a), which states: "[t]he district

court of a district in which is filed a case laying venue in the wrong division or district shall

dismiss, or if it be in the interest of justice, transfer such case to any district or division in which

it could have been brought."   The Second Circuit has found that "[l]ack of personal jurisdiction

[can] be cured by a transfer to a district in which personal jurisdiction [can] be exercised, with the

transfer authority derived from . . . section 1406(a) . . . ." *SongByrd, Inc. v. Estate of Grossman*, 206

F.3d 172, 179, n.9 (2d Cir. 2000); *see also Daniel v. American Bd. Of Emergency Medicine,* 428 F.3d

408 (2d Cir. 2005) (holding that § 1406(a) "permits courts to transfer in the interest of justice

whenever either personal jurisdiction or venue are improper").

A district court may transfer a case, regardless of whether venue is proper in the transferor

court, only when the transfer is in "in the interest of justice." *See Corke v. Sameiet M. S. Song of

Norway*, 572 F.2d 77, 80 (2d Cir. 1978).  In applying this standard, the Second Circuit makes

several inquiries.  First, whether transfer would alleviate a procedural obstacle; for example,

allowing plaintiff to toll a statute of limitation that would otherwise bar her from refiling. *Id.*

Second, whether transfer would "enable [plaintiff] to obtain personal jurisdiction over some or all of the defendants." *Id.* Third, whether transfer would "severely prejudice" the defendant. *Id.* And fourth, whether the merits of the case are "clearly doomed." *Daniel*, 428 F.3d at 436. Courts evaluating such factors enjoy considerable discretion in deciding whether to transfer a case in the interest of justice. *Id.* at 454 (quoting *Philips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999)).

### B.   Analysis

Measured against these standards, exercising this Court's discretion to order transfer here is, clearly, in the interest of justice.

First, to the extent Elodie's claims would be time-barred in California, a transfer would alleviate this hardship, as GEUKH has agreed to waive a statute of limitations defense in this action. *See* Dkt. 45.

Second, Eugene's injuries, as pled in the TAC, trace to his asbestos exposure between the 1960s and 1980s, in the course of employment centered in California. *See* Dkt. 56. Based on the jurisdictional discovery taken in this case, the Court is confident that California has specific jurisdiction over GEUKH, and indeed may be the only state with specific jurisdiction. This is so because (1) the injury is pled as having occurred there, and (2) a rational trier of fact could conclude that Ruston, GEUKH's predecessor in interest, purposefully availed itself of California by contracting for repair and maintenance services in that state. Dkt. 21 at 3.[1] Therefore,

---

[1] As the Court discussed in its August 9, 2021 decision, *see* Dkt.74 at 24–25, under settled caselaw regarding successor liability, after a corporate transaction transferring ownership of liabilities, courts in the state where the alleged tort occurred—here, California—continue to have specific jurisdiction over claims arising from the tort. *See U.S. Bank Nat'l Ass'n v. Bank of Am. N.A.*, 916 F.3d 143, 156–57 (2d Cir. 2019) (recognizing that certain types of successor liability, such as those accomplished through merger, permit the exercise of personal jurisdiction over the successor "where the actions of the predecessor would have made the predecessor subject" to

transfer would enable Elodie to "obtain personal jurisdiction over some or all of the defendants." *Corke*, 572 F.2d at 81.

Third, transfer would not prejudice defendants in any way. And defendants have not raised any opposition to the transfer.

And fourth, on the limited record before it, the Court cannot find that Elodie's case is "clearly doomed." In this sense, it is distinguishable from *Daniel*. In *Daniel*, the issue being litigated, and which would remain problematic for plaintiffs upon transfer, was whether plaintiffs had standing. The jurisdictional issue here is of a different nature, in that the transfer to a new district is intended to cure the defect identified by the defense.

Because transfer is warranted by the facts at hand, the Court exercises its discretion to transfer the case to the Northern District of California.

## CONCLUSION

For the foregoing reasons, the Court grants Elodie's motion to transfer. The Court respectfully directs the Clerk of Court to terminate the motion pending at Dkt. 77, and to transfer this action to the United States District Court for the Northern District of California.

---

jurisdiction); *City & Cnty. of San Francisco v. Purdue Pharma L.P.*, 491 F. Supp. 3d 610, 644 (N.D. Cal. 2020) ("Personal jurisdiction over a successor company exists where (i) the court would have had personal jurisdiction over the predecessor and (ii) the successor company effectively assumed the subject liabilities of the predecessor." (internal quotations and citations omitted)); *Lefkowtiz v. Scytl USA*, No. 15 Civ. 05005 (JSC), 2016 WL 537952, at *3 (N.D. Cal. Feb. 11, 2016) ("A court 'will have personal jurisdiction over a successor company if (1) the court would have had personal jurisdiction over the predecessor[;] and (2) the successor company effectively assumed the subject liabilities of the predecessor.'" (quoting *CenterPoint Energy, Inc. v. Superior Court*, 69 Cal. Rptr. 3d 202, 218 (Ca. Ct. App. 2007))).

4

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: November 5, 2021
          New York, New York